IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | |
| v. | § | Criminal Action No. **3:06-CR-120-L** |
| | § | |
| **MIKA MBIZOLE MEDARD,** | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss Indictment and Incorporated Memorandum in Support, filed October 26, 2006, and Defendant's Motion to Stay Proceedings Pending Appeal, filed November 2, 2006.[1]  Both motions were filed after the court's October 2, 2006, deadline for filing motions without first seeking leave of court or stating the reasons for the late filing.  As the court has continued the trial setting for reasons unrelated to these motions, the court has had time to review the motions and the responses filed by the Government.  After careful review of the motions, memoranda, responses, record, and applicable law, the court **denies** Defendant's Motion to Dismiss Indictment and Incorporated Memorandum in Support, and Defendant's Motion to Stay Proceedings Pending Appeal.

## I. BACKGROUND

In this criminal action, Defendant Mika Mbizole Medard ("Defendant" or "Medard") has been charged with four counts of Failure to Depart Under Final Order of Removal, in violation of

---

[1] Attached to the Defendant's Motion to Stay was Defendant's Motion for Leave to File an Out-of-Time Petition for Review and Motion to Stay Proceedings Below with Incorporated Memorandum in Support. As that Motion is addressed to the Fifth Circuit Court of Appeals, this court will not address that motion.

**Memorandum Opinion and Order – Page 1**

8 U.S.C. § 1253(a)(1)(B).[2] Medard, a citizen of the Democratic Republic of the Congo ("DRC," also formerly known as Zaire), was admitted to the United States for a one-year period on August 19, 1995, but overstayed that period of admission. Immigration Judge D. Anthony Rogers ordered Medard to be removed to his home country of the DRC on April 13, 2004, because he had overstayed his temporary visa and had been convicted of aggravated sexual assault.[3]

Prior to ordering Medard's removal, immigration Judge Rogers spoke with Medard during five separate appearances.[4] Through these multiple appearances, Judge Rogers first advised Medard of his right to retain counsel, and gave him time to hire an attorney. Judge Rogers later explained to Medard that he was not eligible for a withholding of his removal under any circumstance, but that he could pursue a deferral of removal under the Convention Against Torture ("CAT"), his only avenue for relief. When Medard claimed his sexual assault conviction was not final, but was under appeal, Judge Rogers gave Medard time to send him documents relating to his "appeal." After Judge Rogers learned that Medard had made no direct appeal of his conviction, but had merely filed a writ of habeas corpus, Judge Rogers explained that such a filing would not prevent Medard's removal hearing from proceeding. Judge Rogers then set and re-set that removal hearing three times, because Medard sent the judge faxes stating that he would not appear for a removal hearing

---

[2] Each of the four counts is identical in charging Defendant with willfully failing and refusing to make timely application in good faith for travel or other documents necessary for Defendant's removal, but each count alleges a different date of violation: April 22, 2005, June 20, 2005, July 27, 2005, and February 13, 2006.

[3] Medard pleaded guilty on November 18, 2002, to aggravated sexual assault and was granted deferred adjudication by the 3rd Criminal District Court at Dallas County, Texas. Under 8 U.S.C. § 1101(a)(48)(A)(i), deferred adjudication for a crime where the defendant has pleaded guilty or nolo contendere qualifies as a "conviction" for immigration purposes. *See also Moosa v. INS*, 171 F.3d 994, 1005-06 (5th Cir. 1999).

[4] The transcripts of the appearances indicate that Medard also communicated with the court through multiple letters and filings. Government's Response to Defendant's Motion to Dismiss the Indictment ("Gov't Resp."), Exhibit D at 10.

**Memorandum Opinion and Order – Page 2**

until he exhausted all "appeals" of his conviction. After Judge Rogers learned that Medard's habeas had been denied, he made one more attempt to secure Medard's presence at his removal proceeding. Only after confirming that Medard refused to attend did Judge Rogers proceed and order Medard's removal *in absentia*. In all, Medard had eight court settings before Judge Rogers, spanning from May 16, 2003, to April 13, 2004.

## II. MOTION TO DISMISS INDICTMENT

Medard's Motion to Dismiss asserts that his indictment is both constitutionally and jurisdictionally defective because he was not represented by counsel during his removal proceeding. Medard claims that the immigration court should have appointed counsel to represent him, and that a deprivation of counsel violated his Fifth Amendment right to due process and a fair hearing. First, the court finds that it lacks jurisdiction to review Medard's removal order. Second, even if the court had jurisdiction, the court does not believe that Medard was denied due process or a fair hearing.

### A. Jurisdiction

By statute, this court has no jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed a criminal offense." 8 U.S.C. § 1252(a)(2)(C). Notwithstanding provisions for reviewing habeas petitions, the appropriate court of appeals has the "sole and exclusive means for judicial review of an order of removal." § 1252(a)(5).[5] Defendant argues that the statute's jurisdiction-stripping provisions are unconstitutional because the Suspension Clause of the Constitution prohibits the privilege of the writ of habeas corpus from being suspended. Def. Mot. to Dismiss at 6. Defendant asserts that "[w]here defects

---

[5] Congress enacted this version of the statute, stripping district courts of the jurisdiction to review a removal order, on May 11, 2005. Since Medard's Motion to Dismiss was not filed until October 26, 2006, this court abides by this most current version of 8 U.S.C. § 1252 (also known as the REAL ID Act).

**Memorandum Opinion and Order – Page 3**

in an administrative proceeding foreclose judicial review of that proceeding, an alternative means of obtaining judicial review must be made available before the administrative order may be used to establish conclusively an element of a criminal offense." *Id.* at 7 (quoting *United States v. Mendoza-Lopez*, 481 U.S. 828, 838 (1987)). Defendant argues that because the court of appeals is restricted to reviewing the administrative record, such an appeal does not provide an adequate substitute for habeas review of Medard's constitutional claims. The court finds Defendant's arguments misplaced.

The same statute that strips this court of the jurisdiction to review removal orders also states "[n]othing . . . in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). Thus, Medard could have made his due process challenge either in his petition for review with the court of appeals, or in a separate habeas corpus petition.[6] Accordingly, the court denies Medard's Motion to Dismiss the Indictment on the theory that the removal procedure was unconstitutional.

**B. Due Process**

Assuming, *arguendo*, that this court has jurisdiction to hear a collateral attack of the immigration court's removal order, the indictment would still withstand Medard's constitutional attack, because the removal proceeding did not violate his due process rights. Medard argues that

---

[6]Under the prior version of 8 U.S.C. § 1252, which would have been the version in effect at the time Medard was ordered removed on April 13, 2004, he also could have filed a petition for review or a habeas corpus petition. At that time, he would have been able to file such petitions with a district court. Had such a petition been pending in a district court at the time § 1252 was amended, his petition would have been transferred to the appropriate court of appeals for review. *See*, *e.g.*, *Hernandez-Castillo v. Moore*, 436 F.3d 516, 518 (5th Cir. 2006 ).

**Memorandum Opinion and Order – Page 4**

denial of his right to counsel constituted a constitutional and jurisdictional defect in his removal proceeding. Def. Mot. to Dismiss at 5. Medard has failed to show he was denied a constitutional right to counsel.

Deportation hearings are deemed to be civil, not criminal proceedings. *Paul v. United States Immigration and Naturalization Service*, 521 F.2d 194, 197 (5th Cir. 1975) (internal citations omitted). Thus, Medard was entitled to have counsel represent him at the hearing, but not to have one appointed for him at government expense. *See id.*; *see also* 8 U.S.C. § 1362. When Medard made his first appearance before Judge Rogers on May 16, 2003, he indicated that his brother in Fort Worth was helping him to retain counsel, but that money was a problem. Gov't Resp., Ex. D at 3.[7] Judge Rogers then reset his hearing to give him time to retain counsel. *Id.* Medard never obtained counsel, and proceeded to represent himself *pro se* in his subsequent court appearances. At one point, he asked for and received additional time to gather witnesses for a merits hearing on his application for a deferral of removal under the CAT. *Id.* at 7-8. Judge Rogers also gave Medard time to supply evidence that his sexual assault conviction was under appeal. *Id.* at 16-17. Judge Rogers also indicated that his staff forwarded complaints that Medard submitted related to his treatment in detention to the appropriate officials. *Id.* at 25, 29. Medard also managed to file both state and federal habeas petitions, *pro se*, during his detention. *Id.* at 25-26. On more than one occasion, Judge Rogers explained to Medard why a deferral of removal under the CAT was his only recourse if he did not want to be returned to the DRC. *See, e.g., id.* at 7, 12, 23. Judge Rogers even explored Medard's options for reaching Belgium, which is where Medard indicated he wanted to go, since his family members are there. *Id.* at 17-23. At every juncture, Judge Rogers asked Medard

---

[7]Medard later indicated that his relative in Fort Worth was a cousin. Gov't Resp., Ex. D at 22.

**Memorandum Opinion and Order – Page 5**

about his understanding of his situation, and if he had questions, Judge Rogers would answer them. In short, Judge Rogers went out of his way to accommodate Medard as a *pro se* detainee through eight court settings over a period of nearly one year. At no point did Medard indicate a desire to have counsel appointed, nor did Medard indicate that he could not represent himself in these proceedings. In fact, Medard's last several communications with Judge Rogers, via fax, indicated that he understood clearly that his final three court settings were scheduled to address the merits of his removal. *See* Gov't Resp. Ex. E, F, I. Medard's faxes made clear that he would not attend any removal hearing while he believed he could still appeal his criminal conviction. Under these circumstances, the court cannot find that Medard's removal hearing, conducted *in absentia*, was unfair or violated his due process rights. Accordingly, even if this court had jurisdiction to review the removal order, the court would find the order constitutional and valid.

## III. MOTION TO STAY

Medard's Motion to Stay Proceedings Pending Appeal ("Def. Mot. to Stay") requests this court to stay the current criminal action while Medard seeks review of an "Out-of-Time Appeal" of his removal order by the Fifth Circuit Court of Appeals.[8] Medard has already appealed his removal order once, which was dismissed first by the Board of Immigration Appeals on September 17, 2004, and then again by the Fifth Circuit on February 11, 2005. This second petition for review, filed November 2, 2006, is successive and untimely. Additionally, for the reasons stated above, the

---

[8]Medard has apparently appealed his removal to the Fifth Circuit as an alternative to seeking review and dismissal from this court. Mot. to Stay at 2. The court notes that under *Mendoza-Lopez*, relied on by Defendant for the proposition that this court has the jurisdiction to review a removal order, the Supreme Court specifically stated that "permitting collateral challenge to the validity of deportation orders in proceedings under [8 U.S.C.] § 1326 does *not* create an opportunity for aliens to delay deportation, since the collateral challenge we recognize today is available only in criminal proceedings instituted after reentry." *Mendoza-Lopez*, 481 U.S. at 839 (emphasis added).

**Memorandum Opinion and Order – Page 6**

petition lacks merit. Finally, Medard is barred by statute from filing a petition for review during the this criminal proceeding. 8 U.S.C. § 1257(b)(7)(D).[9] For all of these reasons, Defendant's Motion to Stay Proceedings Pending Appeal is **denied**.

## IV. CONCLUSION

For the reasons stated herein, the court **denies** Defendant's Motion to Dismiss Indictment and Incorporated Memorandum in Support, and also **denies** Defendant's Motion to Stay Proceedings Pending Appeal. The court will issue a new criminal trial schedule by separate order.

**It is so ordered** this 16th day of February, 2007.

Sam A. Lindsay
United States District Judge

---

[9]The statute states that "[t]he defendant in a criminal proceeding under section 1253(a) of this title may not file a petition for review under subsection (a) of this section during the criminal proceeding." 8. U.S.C. § 1252(b)(7)(D).

**Memorandum Opinion and Order – Page 7**